█ LAURA E. STAUDT et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 43924.) — *Per Curiam*. Appeal by the State from a judgment of the Court of Claims which awarded damages for the appropriation of lands for highway purposes. The trial court found that from claimants' dairy farm of about 330 acres, approximately 18 acres were taken and that the State's construction split up the farm so radically that parcels of 95 acres and 59 acres were landlocked; that serious drainage problems were created; and that the productive capacity of the land and buildings was substantially reduced, with a corresponding reduction in their value. At the outset, the trial court's decision quite properly recognized that neither of claimants' appraisal experts gave "any basis whatsoever" for his evaluations; and, second, that each improperly valued the farm buildings on the basis of cost, although no specialty was involved; with the result, in the language of the decision, that "their testimony can be given no weight." The State's appraisal was insufficient for other reasons, principally because it gave no consideration to the drainage problems created by the improvement and none to the diminished productive capacity of the farm (see *Castine* v. *State of New York*, 27 A D 2d 583), except as it conceded a 28% diminution in the value of the farm buildings, without, however, recognizing any diminution in the value of the farm lands and farm dwelling. The trial court correctly recognized the errors and deficiencies in the State's proof, but nevertheless, and in an apparent effort to salvage the time and effort expended on the trial, arrived at valuations "derived" from it. Thus, the trial court, upon correctly finding that consequential damage was incurred with respect to the farm dwelling and the farm lands, applied to them approximately the same 28% depreciation rate shown applicable to the farm buildings, but there was no basis in the evidence for utilization of that or any other rate. The result of this pragmatic approach was an award that was very likely fair and just but one, nevertheless, that was necessarily subjective and without evidentiary support, and, incidentally, not within the range of the evidence (*Clearwater* v. *State of New York*, 28 A D 2d 936), the after-value found being very substantially less than that to which any of the experts testified. It follows, of course, that the infirmities in the State's proof prevent our recourse to it for modification of the award, as the State urges. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.